*Ex parte* SKILES.

*(Circuit Court, D. Minnesota, Third Division. June 3, 1892.)*

HABEAS CORPUS—JURISDICTION OF FEDERAL COURTS—EXTRADITED PRISONER CONVICTED OF DIFFERENT OFFENSE.

The federal courts have no jurisdiction to review by *habeas corpus* a judgment of conviction in a state court having jurisdiction of the person and the offense, although the prisoner had been extradited from another state to answer an indictment, and was convicted of an offense other than that charged therein. His remedy is by appeal or other appropriate proceedings in the state courts.

At Law. Application of Robert Iron Skiles for writ of *habeas corpus.* Denied.

*Fayette Marsh* and *J. C. Nethaway*, for petitioner.

*Geo. H. Sullivan*, Co. Atty., for the State.

NELSON, District Judge. The prisoner, Skiles, was rendered up to the state of Minnesota on demand of the executive from the state of Texas by proceedings commenced under the constitution and laws of the United States in regard to the delivery of fugitives from justice. He was delivered up and removed to the state of Minnesota, and confined in the jail, February 12, 1892, upon an allegation that an indict-

ment stood against him in the county of Washington, state of Minnesota, found by the grand jury, May 6, A. D. 1890, charging the crime of obtaining by false pretenses a promissory note and chattel mortgage from one John Alfred Roney. On May 5, A. D. 1892, while awaiting trial, an indictment was found against him for the same offense of defrauding Roney, evidently to correct a supposed defect in the first indictment. The grand jury also found an indictment against him for another and different crime from that on which he was extradited. On an arraignment under this indictment the prisoner refused to plead, and on plea of not guilty being entered he was tried May 16, 1892, and convicted, and a motion was made, and is now pending, in the state court in arrest of and to set aside this judgment. The petition for a writ of *habeas corpus* to secure the prisoner's release alleges that he is not detained by reason of any final judgment or decree of any competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon such judgment or decree. It is urged that the district court of Washington county had no jurisdiction, and cannot lawfully put the prisoner upon trial for an offense for which he was not extradited. Upon the face of the petition and answer of the sheriff of Washington county to the "order to show cause why a writ of *habeas corpus* should not issue," it appears clearly that the petitioner is in custody and lawfully held by virtue of criminal proceedings duly instituted under the laws of the state of Minnesota; but while this is conceded, as I understand counsel, yet it is insisted that having been put upon his trial on an indictment charging another and different offense from that for which he was extradited, and judgment of conviction being entered, this court should declare such judgment illegal and void, for the reason that the state of Minnesota had no right to try the petitioner extradited from another state upon a charge other than that contained in the extradition papers. If this position of counsel is sound, the federal courts have supervisory jurisdiction over judgments of the state criminal courts, although such courts had jurisdiction of the person and of the offense, and thus can accomplish by the writ of *habeas corpus* all that otherwise could only be obtained on review by writ of error or appeal to the supreme court of the state, which undoubtedly has plenary jurisdiction to correct errors of the trial court. The circuit courts of the United States, in my opinion, do not possess such supervisory jurisdiction. It would be an affectation of learning, and serve no useful purpose, to do more than cite counsel to the case of *Ex parte Ulrich*, 43 Fed. Rep. 661, for a full and exhaustive exposition of the law involved in this case. Application for a writ of *habeas corpus* is denied.